5-1-2-9-5 United States v. Jose Latorre-Cacho May it please the Court, my name is Tina Schneider. I represent the defendant, Jose Latorre-Cacho. Mr. Latorre was convicted of RICO conspiracy. He was acquitted of the other two counts against him, a drug conspiracy and a conspiracy to possess firearms in connection with the drug offense. His co-defendant was acquitted of all five charges against him. It was plain error for the Court to instruct the jury on two separate occasions that firearms were a predicate racketeering act. Looking at the instructions as a whole and in the context of the evidence in this case, this error prejudiced my client and made the trial describe racketeering acts seven separate times in its instructions. Two of these times it was flat out wrong, four of the times it was ambiguous, and only one time did it correctly describe the racketeering activity. In the written instructions that were sent into the jury room with the jury, there was no such error, was there? Well, there wasn't the error where firearms was listed as a racketeering act. However, the written instructions stated the types of racketeering acts alleged in the indictment include possession with intent to distribute narcotics, robbery, and carjacking. So it was suggesting that this was a non-exhaustive list. Moreover, there is no indication that the jury ever consulted the written instructions or that they followed the written instructions rather than the orally given instructions. But the orally, on your statement, the instructions that were given orally pointed in two different directions. A couple of them were erroneous, at least one of them and perhaps more were correct, some were ambiguous. That's what you say, alright? We have no way of knowing, since there was no objection to any erroneous statement, we have no way of knowing whether the jury did or did not follow the correct instructions. The written instructions, which were sent to them so that they could be consulted if the jury had any problem recollecting the instructions, did not contain the error that you're complaining of. So how do you get over the third prong of plain error review? How do you show in that situation where the instructions go in two different directions, there's no objection, we don't know which view of the instructions the jury took, that it was more likely than not that the error influenced the verdict? This is how we get over it. The judge two times said that firearms were racketeering acts and the second time he said it, he emphasized it. He said, of course, firearms were included. Then the judge referred the jury on three separate occasions to look at the indictment, said commission of two or more of the racketeering acts alleged in the indictment, or two of the racketeering acts described in the indictment, or listed in the indictment. The indictment, count one of the indictment is 17 pages long. It contains 16 references to firearms, rifles and pistols. As racketeering acts? It's unclear. But it doesn't refer to them as racketeering acts. You say that the jury maybe read that in, but it doesn't say that. It never says carjacking is a racketeering act. It refers to robbery under Puerto Rican law, but if the jury's looking at the indictment, the only time it mentions carjacking is in the means and methods of the enterprise. It also alleges in the means and methods of the enterprise that there was a purchase of firearms and ammunition. In the section entitled roles of the defendant, it alleges that some of the gang members stored firearms. And in the overt acts section of the indictment, there are 45 overt acts listed, and 11 of those are firearms related. Is there anything in the indictment that lists racketeering activities? Well you'll see the indictment is in the... Well I'm asking you just because it'll be easier since you're right here. No, the indictment is very odd because it has these different sections, and it's unclear which sections are the core of it. For example, it has a section heading racketeering conspiracy. That's right. That one's correct. There's no reference to firearms in that section. No, there isn't, and the word carjacking doesn't apply there either, doesn't appear there either. So in other words, there's no provision that could plausibly be read in the indictment as purporting to set out the full set of racketeering acts that are permissible, and including none that are not. I think that's correct, Your Honor. So that's the reason why you say the reference to the indictment is just adding to the problem, not solving it. Yes, and even if you were to say, well, we're going to read that section of count one that's called racketeering conspiracy as the listing of the racketeering acts, the court in referring the jury to the indictment never said, look at that section of count one, it said look at the indictment. On the prejudice point, I take it your argument is that the ambiguity as to whether we would think the jury probably did or did not give emphasis to the written instructions rather than the oral instructions is informed by the fact that this is not a case in which the error in the written instructions concerns a matter that was not front and center with respect to the evidence at trial. Quite the opposite, evidence of firearms was pervasive at trial, and that leads one to conclude that if there's uncertainty as to what they followed, there should be more concern that they were following the wrong thing. Exactly. So there was evidence at trial, throughout trial, that the gang bought and sold firearms, that they shared firearms, that they used firearms. And as to my client specifically, there was testimony that he delivered a nine millimeter pistol to another gang member, that he sold weapons for the gang, that he had both pistols and rifles, that he had both semi-automatic and fully automatic firearms, that he would use a .357, that he sometimes had an AK or an R rifle, and that he sold a .40 caliber Glock with an obliterated serial number to another gang member. And then the government argued in its closing that the gang used proceeds of robberies to ammunition, that the gang would use firearms, they would share firearms, and that the defendant sold a firearm. So in the context of the evidence that was presented in the case, the instructional error becomes that much more serious. Is there anything in the closing argument that would have suggested to the jury that firearms was a predicate act? Well, I would suggest just the references to firearms, but the prosecutor never said firearms are a racketeering act. Did he describe as racketeering acts all things but firearms? I don't think he used the terms racketeering acts, but he did say carjacking, drug distribution, and robberies. As what? Describing them as what? He said the case was about carjackings, drug distribution, and robberies. I don't recall that he ever said those are the racketeering acts we've alleged. And in fact, we don't know, the jury was never asked to find what racketeering acts they found to be underlying racketeering acts. They acquitted him of the drug conspiracy. That doesn't mean necessarily that they didn't find that, but it's certainly supportive of our argument that they may well have relied on firearms after the judge told them, of course, firearms. So in the context of this case, the instructional error both prejudiced my client and affected the fairness and integrity of the trial process, and his conviction should be overturned. And if you're right about that, the other issues are irrelevant? Yes. And if I'm wrong about that, then the jury verdict issue becomes more important. Thank you. Good morning, Your Honors, and may it please the court, Francisco Sosa-Martinez for the United States. Good morning. Your Honors, there is nothing in the record to suggest that the jury was misled, confused, or felt pressured when it convicted Defendant Appellant LaTorre of legal conspiracy. Well, why not misled? I mean, we repeatedly say that a jury is presumed to follow the judge's instruction. That's correct. And if the judge not only incorrectly states a predicate offense, but emphasizes it with of course, why wouldn't we presume that the jury followed that instruction? Your Honor, admittedly, on two occasions, quickly following one another, the district court when explaining the fifth element of legal conspiracy, did mention firearms as part of its instructions regarding pattern of racketeering activity. However, viewing the instructions as a whole, shows that this did not have the effect of misleading the jury because prior to that reference, the district court provided instructions as to the specific definition of the term racketeering activity. And it stated that you are instructed, you the jury, are instructed as a matter of law that drug trafficking, robberies, carjackings qualify as racketeering activities. No mention of quote unquote firearms in that instruction, Your Honor. Where is that prior? I believe it's on that page 90, Your Honor, of the docket entry 660. And furthermore, Your Honor, simultaneous to its reference to firearms, the district court stated to the jury that it would later instruct them as to the elements of those racketeering activities. When that time came, however, the district court detailed the elements as to, again, drug trafficking, robberies, and carjackings. No explicit instruction as to quote unquote firearms in the context of racketeering activities for conspiracy purposes. So we're faced with a situation where a district judge has given inconsistent instructions incorrect on two occasions, correct on at least two other occasions, isn't that correct? Correct, Your Honor. I would add on the more substantive occasions when instructing on the law in particular, he was correct. When he was addressing the meat of the instructions and the law, he was correct. And reading the instructions, or viewing the instructions as a whole, this would suggest similar to how in Penway this court concluded that the jury in that case could quote unquote read in the missing word, in this case they could, in a way, read out the added unnecessary word because it wasn't given any context. The written instructions that were given to the jury and sent into the jury room to aid them in their deliberations, they contained the two paragraphs you just read to us which were correct. Correct, Your Honor. But they did not contain either of the two incorrect references. Correct, Your Honor, they did not. Okay. What did the judge tell the jury when he sent them the written instructions? Did he make any, what did he tell them the purpose of his sending the instructions was? Specifically with what instructions he provided that to them, I do not recall, but it was certainly for reference purposes, Your Honor. Okay. It wasn't a... But you don't recall precisely what he said, so we'll have to look to the record. Correct, Your Honor. We can supplement the record, the court with a Rule 28J letter on that if the court would like. Another fact that shows that the jury was not confused in this case, Your Honor, is the government theory itself. The government's theory has always been that this was a legal enterprise dealing with drug This was not a case where alternative theories where they could have found him guilty, whether they found that this was a drug trafficking enterprise or a robbery enterprise or a violent crime enterprise. It was all of these three things that were intimately interrelated with one another, and La Torre willingly joined and participated in that enterprise. Do you recall how the prosecutor phrased it in his closing argument? As my... The predicate acts. I don't believe he made any specific reference to predicate acts per se, but he did begin by stating that this was a case about, as my opposing counsel stated, drug trafficking, robberies and carjackings with no reference of firearms. What do you think the significance of is of the fact that not only is there a clear mistake in the oral instruction in a clearly correct statement in the written instruction, but the incorrect reference in the oral instruction referred to an activity that isn't sort of fleeting or a sideshow or something that would come up in trial in a way that obviously wouldn't have been something that one would think could have been a predicate act, but instead was something that was so intermixed in the entire thing that if you didn't know what the law was, because it was unclear, one could reasonably think that the evidence about the firearms was evidence put forward as a predicate act. Well, Your Honor, a couple of points on that first. The indictment at the beginning of how one specifically states that the racketeer activities charged in this case, and the district court pointed it out to the jury in its oral instructions that the racketeer activities charged were, again, drug trafficking, robberies and carjackings. And didn't it leave out one of the things that was actually being argued as a predicate act? I thought that's what we were just told, that the indictment at no point has any provision that correctly lists all of the predicate acts the government meant to prove. And at other points, lists all of them, but only by also including firearms. Your Honor, at the beginning of the indictment, lists three racketeering acts. Right, but you were actually seeking to prove more than three. Overacts, Your Honor. Am I wrong? Three racketeering activities which encompassed 40 or 45 overacts in furtherance of those activities. Yes, Your Honor. But how many actual racketeering activities were you trying to prove? Three or four? What was it? Robbery, carjacking, what was the third? Drug trafficking. And that's it. Those are the three that were encompassed of the enterprise itself. Which ones La Torre agreed would be committed in furtherance of that enterprise is another question. Let me ask a simple one. What are the predicate acts that qualify as predicate acts in the government's view about which the jury was informed? As to Mr. La Torre, I believe it was drug trafficking and robberies, in which case he was specifically charged under three overt acts for his participation in having orchestrated three robberies in particular, Your Honors. Carjacking was not one of the things that he was also... Carjacking, if my memory serves me correctly, he was not a direct participant in one of them, at least not with regards to the... That was a racketeering activity of the conspiracy... Of the enterprise, correct. Of the enterprise, but not one in which La Torre himself participated, according to the government's theory. Personally participated in, Your Honor. So here's the... When it says racketeering conspiracy in count one... Yes. I mean in the indictment, not count one, the first heading with a bold that says anything relating to racketeering acts, as I read it, is racketeering conspiracy. Correct? Correct. That's where you're saying it lists the things that count and it doesn't list firearms. Yes. But it also doesn't list one of the predicate acts of the racketeering conspiracy, because if I read it, it doesn't list carjacking. I believe, Your Honor, it lists Puerto Rico robbery, which... Is that the carjacking? That is the carjacking, Your Honor, because under Puerto Rico law, they are a form of or subtype of Puerto Rico robbery, if I was explained correctly, Your Honor. So when it lists under three, robbery, that's inclusive of both robbery and carjacking? Yes. Carjacking would be a subtype of robbery in this case, Your Honor. Finally, Your Honors, the probably the greatest and more persuasive evidence on the record to show that the jury was not confused with pressure was the verdict itself. They found him guilty, not only did they find him guilty as to count one, but they found the highest drug quantities possible. If we were to take as true everything that La Torre alleges, that they had initially left the drug quantities in blank, that they found that no drug trafficking... If I could just finish my... Go ahead. If they had not found that drug trafficking was involved and that they otherwise felt pressured, the jury would have either expressed their confusion to the judge as to why they had to fill out the quantities, or they would have picked the quantities that more closely related to their determination, which would have been a lesser quantity, not the highest quantity, Your Honors. And that is why, Your Honors, those drug quantities support the government's argument that they did not... They were not confused in this case by any error. Thank you, Your Honors.